WENTWORTH, Judge.
The claimant appeals an order of the deputy commissioner denying his claim for psychiatric treatment. Because the deputy clearly relied on an improperly admitted medical report, we reverse.
Claimant is a 26 year old black male with an eleventh grade education. On April 4, 1978 he was lifting metal wheel rims when he felt a “pop” in his back. On November 8, 1979, he was released by his treating physician who felt that no more could be done for him and that maximum medical improvement had been reached. However, claimant continued to complain of severe pain, and testified that he was unable to work a forty-hour week because of his pain. His former employer testified that claimant was fired on November 8, 1979, after he had missed two days of work without calling in. The employer stated that claimant was fired because the unauthorized absence was cumulative to claimant’s unsatisfactory work habits since the accident.
On September 15, 1981, claimant filed a claim for psychiatric care and treatment and temporary total disability benefits. The parties entered a pre-trial stipulation in which they agreed that a psychiatric evaluation would be conducted, and that they would submit a composite exhibit of all medical reports ten days prior to the hearing.
Claimant was evaluated at a mental health clinic in Sarasota, Florida, and on January 13, 1982, a joint report was rendered by Dr. Piotrowski, a psychiatrist, and Arthur Norman, Ph.D., a clinical psychologist. While both Piotrowski and Norman were of the opinion that claimant had psychiatric or psychological problems, the report appears to be ambiguous with regard to the cause of those problems. However, Norman stated that claimant’s physical complaints were closely allied with his emotional problems, and that his “profile is one that is frequently provided by individuals with chronic pain in which organic findings are minimal.”
At the hearing on March 31, 1982, the attorney for the employer/carrier (E/C) sought to add a letter from Dr. Piotrowski to the previously submitted composite medical reports. The letter had been written in response to inquiries made by counsel for the E/C and had been received by him the day before the hearing. The entire text of the letter is as follows:
*721 Dear Mr. Mitchell:
Thank you for your letter of March 26, 1982. In my opinion, Mr. McNeal does not have a psychiatric disorder related to his industrial accident.
Over strenuous objections and arguments of claimant’s counsel, the deputy commissioner admitted the letter into evidence as a supplement to the January 13 report. In denying the claim for psychiatric treatment, the deputy specifically relied on the report. We find that the letter was erroneously admitted and under the circumstances of this case reversal is required.
The pretrial stipulation provided that the composite medical report would be submitted ten days prior to the hearing. Therefore, the stipulation did not constitute a waiver of the right to object to a report which was written two days before the hearing. As claimant’s attorney has argued, there was an opportunity for depositions between the time the parties received the evaluation and the day of the hearing. While claimant’s attorney elected to rely on the report and the live testimony of Dr. Norman, counsel for the E/C did not pursue any of the alternatives available under the rules or stipulation but sought untimely amendment or clarification of the report from Dr. Piotrowski. That clarification, in the form of an unauthenticated letter which was offered to prove the truth of the matter asserted therein, was plainly hearsay and was therefore improperly admitted into evidence. Butch’s Concrete v. Henderson, 414 So.2d 652 (Fla. 1st DCA 1982).[1] The matter asserted in the letter is a definitive statement that claimant’s psychiatric problems are not related to his industrial accident. This information is not found elsewhere in the record, and the error therefore cannot be considered harmless. Cf., Foster’s Auto Crushing v. Wood, 427 So. 2d 1009 (Fla. 1st DCA 1982).[2] On the contrary, the other evidence pertaining to the cause of claimant’s problems came from Dr. Norman, who stated that there was a high probability that claimant’s chronic pain was due to psychological factors and that the accident affected him in such a way that his “psychiatric condition was manifested in a full blown manner.” In view of such evidence from a colleague, claimant’s right to cross examine Dr. Pio-trowski with respect to causation cannot be regarded as trivial. The report must therefore be considered prejudicial, and because it was unequivocally relied on by the deputy commissioner, remand is required.
For the foregoing reasons, the order is reversed and this cause is remanded with directions for reconsideration of the claim consistent with this opinion upon the record exclusive of the report.
BOOTH, J., concurs.
THOMPSON, J., specially concurs with opinion.

. The medical reports are hearsay and should not be admitted over objection in the absence of a stipulation as to their admissibility.... [T]he cost of the deposition of a doctor is not a sufficient excuse for not taking it, ...
414 So.2d at 654.

. In Foster’s Auto Crushing, the employer/carrier appealed the deputy’s admission into evidence of an unauthenticated medical report on grounds of hearsay. This court affirmed the deputy’s action, based upon its holding (1) that the evidence contained in the document was merely cumulative, as the exact statement which was objected to as hearsay was found elsewhere in the record when it was adopted verbatim by another doctor whose testimonial evidence was unquestionably competent; and (2) that the report did not fall within the statutory definition of hearsay under the unique circumstances of that case because it was not offered to prove the truth of the matter asserted in the statement which was the subject of the objection. (The matter asserted was an opinion that the claimant probably suffered an “emotional overlay”; it was offered to prove that there was reason to authorize a psychiatric evaluation to determine if the claimant suffered mental reprecussions from his accident.)
In the present case, the information asserted in the untimely report is not merely cumulative as it is not found elsewhere in the record, and that the report was offered to prove the truth of the matter asserted therein. Therefore while we recognize that the distinction is a fine one, we do not perceive any conflict between this case and Foster’s Auto Crushing.